IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD WAYNE PARKER,

    Plaintiff,                    No. CIV S-10-0065 MCE EFB PS

vs.

UNITED STATES DEPARTMENT
OF JUSTICE, at al.,

    Defendants.              <u>ORDER</u>

      /

    This case, in which plaintiff is proceeding *pro se* and *in forma pauperis*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On June 29, 2011, defendant, the United States Department of Justice, filed a motion to dismiss and for summary judgment. Dckt. No. 31.

    Local Rule 230(l) provides that "[a]ll motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding *in propria persona*, shall be submitted upon the record without oral argument unless otherwise ordered by the Court" and that "[s]uch motions need not be noticed on the motion calendar." E.D. Cal. L.R. 230(l). The Local Rule further provides that "[o]pposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21),days after the date of service of the motion," that "[a] responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in

1

question," and that "[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *Id.*  Further, the Local Rule provides that "[t]he moving party may, not more than seven (7) days after the opposition is served, serve and file a reply to the opposition.  All such motions will be deemed submitted twenty-eight (28) days after the service of the motion or when the reply is filed, whichever comes first." *Id.*

Pursuant to Local Rule 230(l), plaintiff has until July 20, 2011 to file an opposition or a statement of non-opposition to defendant's motion for dismissal and summary judgment, and to file a response to defendant's statement of undisputed facts.  Defendant has until July 27, 2011 to file a reply thereto.

The court also informs plaintiff of the following with respect to opposing a motion for summary judgment under Federal Rule of Civil Procedure 56:  Such a motion is a request that the court grant judgment in defendants' favor without trial.  A motion for summary judgment will set forth the facts that defendants assert are not reasonably subject to dispute and that entitle them to judgment under applicable law.  To oppose a motion for summary judgment, plaintiff must show proof of his claims.  To do this, he may rely upon statements made in the complaint under penalty of perjury if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint upon which he relies.  Plaintiff also may file one or more affidavits or declarations setting forth the facts that plaintiff believes prove his claims, as long as the person who signs it has personal knowledge of the facts stated.  Plaintiff may rely on written records, but he must prove they are what he asserts them to be.  Plaintiff may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts.  If plaintiff fails to contradict defendants' evidence with counter-affidavits or other admissible evidence, the court may accept defendants' evidence as true and grant the motion.  If there is good reason why such facts are not available to plaintiff when he is required to oppose a motion for summary judgment, the court

will consider a request to postpone considering the motion. If plaintiff does not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the court grants defendants' motion, whether opposed or unopposed, judgment will be entered for defendants without a trial and the case will be closed.

Additionally, Local Rule 260(b) provides that "[a]ny party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." Local Rule 260(b) further provides that "[t]he opposing party may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication," and that "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers."

Accordingly, IT IS HEREBY ORDERED that:

1. On or before July 20, 2011, plaintiff shall file an opposition or a statement of non-opposition to defendant's motion for dismissal and summary judgment, and shall file a response to defendant's statement of undisputed facts.

2. Failure of plaintiff to comply with this order will be deemed a statement of non-opposition to the motion, and may result in a recommendation that the motion be granted and/or that this action be dismissed for failure to prosecute and for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

////

////

////

3. Defendant may file a reply to plaintiff's opposition, if any, on or before July 27, 2011.

DATED: July 6, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4